UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEBAMOFF ENERPRISES, INC.,
JOSEPH DOUST,
JACK STRIDE,                                    Case No. 2:17-cv-10191
JACK SCHULZ, and                                District Judge Arthur J. Tarnow
RICHARD DONOVAN,                                Magistrate Judge Anthony P. Patti

      Plaintiffs

v.

RICK SNYDER,
WILLIAM SCHUETTE, and
ANDREW J. DELONEY,

      Defendants

_____/

## REPORT AND RECOMMENDATION TO (1) DENY THE STATE DEFENDANTS' MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 1988(b) (ECF No. 67); but, (2) GRANT THE STATE DEFENDANTS' MOTION TO REVIEW THIS COURT'S APRIL 27, 2021 TAXATION OF COSTS (ECF No. 72)

**I.      RECOMMENDATION**: The Court should **(1) DENY** the State

Defendants' motion for attorney fees under 42 U.S.C. § 1988(b) (ECF No. 67);

but, **(2) ACCEPT** the State Defendants' amended bill of costs (ECF Nos. 72-1, 72-

2, 72-3, 72-4), **GRANT** the State Defendants' motion to review this Court's April

27, 2021 taxation of costs (ECF No. 72), and **AWARD** the State Defendants a total

of $734.98 in costs.[1]

## II.    REPORT

### A.    Background

This lawsuit challenged the constitutionality of Senate Bill 1088, which

amends Mich. Comp. Laws § 436.1203 and, in Plaintiffs' words, "allows Michigan

wine retailers to sell, ship and deliver wine directly to consumers within the state

of Michigan, while prohibiting out-of-state retailers from doing so."  (ECF No. 5,

PageID.18.)  As set forth in the February 2017 amended complaint:

1.    Plaintiff Lebamoff Enterprises Inc. ("Lebamoff Enterprises") is
      "an Indiana corporation that operates 15 wine retail stores in
      Fort Wayne, Indiana."  (*Id.*, PageID.19 ¶ 4.)

2.    Joseph Doust, a wine manager for Lebamoff Enterprises, is "a
      professional wine consultant, advisor, and merchant who
      resides in and is a citizen of Indiana."  (*Id.*, PageID.22 ¶ 22.)

3.    Consumer Plaintiffs Jack Stride, Jack Schulz, and Richard
      Donovan are residents of Michigan who regularly purchase and
      consume "fine wine and would purchase wine from out-of-state
      retailers and have those wines shipped to their residences in

---

[1] Although the motions (ECF Nos. 67, 72) were referred for hearing and
determination (ECF Nos. 68, 73), I offer my opinion in the form of a report and
recommendation.  *See*, *e.g.*, *Apollo Drywall, Inc. v. United States*, No. 5:91-CV-16,
1993 WL 304392, at *1 (W.D. Mich. June 3, 1993) (order accepting magistrate
judge's report and recommendation on application for fees and expenses); *see also*
*McMillan v. United States*, 891 F. Supp. 408, 409-411 (W.D. Mich. 1995)
(adopting report and recommendation regarding attorney's fees), *aff'd*, 89 F.3d 834
(6th Cir. 1996).

Michigan, if Michigan law permitted them to do so."  (*Id*.,
PageID.19 ¶ 3.)

Plaintiffs alleged violations of:  (1) the Commerce Clause, which provides that
"[t]he Congress shall have Power . . . [t]o regulate Commerce . . . among the
several States . . . [,]"  U.S. Const. art. I, § 8, cl. 3; and, (2) the Privileges and
Immunities Clause, which provides that "[t]he Citizens of each State shall be
entitled to all Privileges and Immunities of Citizens in the several States."  U.S.
Const. art. IV, § 2, cl. 1.  (*Id*., PageID.21-23 ¶¶ 13-28.)

Plaintiffs bring this lawsuit against Rick Snyder, William Schuette, and
Andrew J. Deloney ("the State Defendants").  (*Id*., PageID.20-21 ¶¶ 8-10.)  In
April 2017, the Court permitted Michigan Beer and Wine Wholesalers Association
(MBWWA) to intervene as a Defendant.  (ECF No. 13.)

## B.    Dispositive motion practice

Plaintiffs filed a motion for summary judgment in February 2018 (ECF No.
31), and Defendants filed their motions for summary judgment in April 2018 (ECF
Nos. 33, 34.)  On September 27, 2018, the Supreme Court granted a petition for
writ of certiorari to the United States Court of Appeals for the Sixth Circuit in
*Tennessee Wine & Spirits Retailers Ass'n v. Byrd*, 139 S. Ct. 52 (2018).  (ECF No.
42.)  The following day, this Court denied the State and Intervenor Defendants'
motions for summary judgment and granted Plaintiffs' motion for summary
judgment, without reaching Plaintiffs' Privileges and Immunities claim.  *Lebamoff*

*Enterprises v. Snyder*, 347 F. Supp. 3d 301, 311 (E.D. Mich. 2018).  (*See also* ECF Nos. 43, 44.)

The State Defendants and Intervenor Defendant appealed.  (ECF Nos. 48, 50.)[2]  On November 6, 2018, the Sixth Circuit granted motions to hold the appeals in abeyance pending the Supreme Court's decision in *Tenn. Wine and Spirits Retailers Ass'n*.  (ECF No. 53.)  The Supreme Court issued its decision on June 26, 2019.  *Tennessee Wine & Spirits Retailers Ass'n*, 139 S. Ct. at 2457 (invalidating "a provision requiring applicants for an initial license to have resided in the State for the prior two years," because it "violates the Commerce Clause and is not shielded by § 2 of the Twenty-first Amendment.")

On April 21, 2020, the Sixth Circuit concluded in the instant matter that, "[b]ecause the Twenty-first Amendment permits Michigan to treat in-state retailers (who operate within the three-tier system) differently from out-of-state retailers (who do not), we uphold the law[,]" which effectively reversed this Court's September 28, 2018 decision and remanded the case to this Court.  *Lebamoff Enterprises Inc. v. Whitmer*, 956 F.3d 863, 867, 878 (6th Cir. 2020).  (*See also* ECF No. 56.)  The Supreme Court denied Plaintiffs' petition for a writ of certiorari on January 11, 2021.  *Lebamoff Enterprises, Inc. v. Whitmer*, 141 S. Ct. 1049

---

[2] On October 26, 2018 Plaintiffs sought an extension of time within which to petition for attorney fees (ECF No. 52), and this Court granted the request on April 25, 2019 (ECF No. 54).

(2021).  (*See also* ECF No. 62.)  Then, on March 30, 2021, this Court reopened the case, voided its prior judgment, granted the State and Intervenor Defendants' motions for summary judgment, and denied Plaintiffs' motion for summary judgment.  (ECF No. 64; *see also* ECF No. 65.)

### C.    Motion to Review this Court's Taxation of Costs

On April 27, 2021, the State Defendants filed a bill of costs for deposition transcripts ($229.98) and appeals costs ($505.00), *i.e.*, a total of $734.98.  (ECF No. 66.)  Intervenor Defendant MBWWA filed a bill of costs for appeals costs ($505.00).  (ECF No. 69.)  As to each of these requests, the Clerk of the Court taxed costs in the amount of $505.00.  (ECF Nos. 70, 71.)  However, with respect to the State Defendants' request for court reporter fees, the Clerk of the Court explained:  "No receipts/invoices are attached to the bill of costs and the bill of costs fails to document how the corresponding deposition transcripts were used by the prevailing defendants."  (ECF No. 70, PageID.987.)

Currently before the Court is the State Defendants' motion to review this Court's April 27, 2021 taxation of costs, which asks the Court "to grant their motion to review the taxation of costs, to accept the Amended Bill of Costs and attachments in support, and to award the prevailing Defendants a total of $734.98 in costs."  (ECF No. 72, PageID.995.)  To date, Plaintiffs have not filed a response.

The Court should **ACCEPT** the State Defendants' amended bill of costs (ECF No. 72-1) and its attachments – (1) a September 19, 2017 invoice from Network Reporting for $229.98 (ECF No. 72-3); (2) a declaration regarding the use of deposition transcripts (ECF No. 72-2), namely in their April 2, 2018 motion for summary judgment and response in opposition to Plaintiffs' motion for summary judgment (ECF No. 34); and, (3) the Sixth Circuit's June 4, 2020 mandate (ECF No. 72-4) – because the attachments cure the deficiencies noted by the Clerk of the Court on April 28, 2021.  (ECF No. 70.)  Accordingly, the Court should **DEEM SUPERSEDED** the initial bill of costs (ECF No. 66) and the related taxation (ECF No. 70), **GRANT** Defendants' motion to review the taxation of costs (ECF No. 72) and **AWARD** the State Defendants a total of $734.98 in costs.

### D.    Motion for Attorney Fees

Also before the Court is the State Defendants' motion for attorney fees under 42 U.S.C. § 1988(b), which asks the Court to "grant reasonable attorney's fees to the State Defendants for the time spent defending against the Plaintiffs' frivolous Privileges and Immunities claim."  (ECF No. 67, PageID.967.)  Plaintiffs have filed a response in opposition, and the State Defendants have replied. (ECF Nos. 74, 75.)  Pursuant to Federal Rule of Civil Procedure 54, the Court may, upon motion by a party, award attorney fees.  Section 1988 of the Civil Rights Act

authorizes an award of attorney fees to a party that has prevailed in litigation

brought under § 1983.  Specifically:

> In any action or proceeding to enforce a provision of sections 1981,
> 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public
> Law 92-318, the Religious Freedom Restoration Act of 1993, the
> Religious Land Use and Institutionalized Persons Act of 2000, title
> VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the
> court, in its discretion, may allow the prevailing party, other than the
> United States, a reasonable attorney's fee as part of the costs, except
> that in any action brought against a judicial officer for an act or
> omission taken in such officer's judicial capacity such officer shall
> not be held liable for any costs, including attorney's fees, unless such
> action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b).

Parties are considered prevailing where they "succeed on any significant

issue in litigation which achieves some of the benefit the parties sought in bringing

suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal quotations

omitted) (emphasis added).  A prevailing plaintiff "should ordinarily recover an

attorney's fee unless special circumstances would render such an award unjust."

*Id*. at 429 (quotations and citation omitted).  Courts calculate the amount of fees to

award by multiplying the number of hours reasonably expended on litigation and a

reasonable hourly rate, subject to any adjustments.  *Id*. at 433.

### 1.    Prevailing party

Plaintiffs' argument that Defendants "are not prevailing parties on the

Privileges and Immunities issue[,]" (ECF No. 74, PageID.1009), is unavailing.

First, Plaintiffs contend that Defendants' motion for summary judgment was denied on the Privileges and Immunities claim. (*Id*.) However, this Court's September 28, 2018 order, which denied the State Defendants' motion for summary judgment, expressly found "the Commerce Clause sufficient grounds for relief," and "*decline[d]* to reach Plaintiffs' Privileges and Immunities claim." (ECF No. 43, PageID.864 (emphasis added).) Later, on April 21, 2020, the Sixth Circuit concluded that, "[b]ecause the Twenty-first Amendment permits Michigan to treat in-state retailers (who operate within the three-tier system) differently from out-of-state retailers (who do not), we uphold the law." *Lebamoff Enterprises, Inc.*, 956 F.3d at 867. Significantly, the Sixth Circuit not only addressed the interplay between the Commerce Clause and the 21st Amendment (*id*., at 869-875) but also found unavailing "Lebamoff's claim that the law violates the Privileges and Immunities Clause of Article IV of the United States Constitution[,]" (*id.*, at 875-876). Ultimately, this Court granted Defendants' motions for summary judgment, denied Plaintiffs' motion for summary judgment, and entered an amended judgment (ECF Nos. 64, 65).

Second, Plaintiffs contend that the Sixth Circuit's mention of the Privileges and Immunities claim was *dictum*. *Farrar v. Hobby*, 506 U.S. 103, 112-113 (1992) (neither "a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits," nor "'the moral

satisfaction [that] results from any favorable statement of law'" bestows prevailing party status.) (quoting *Hewitt v. Helms*, 482 U.S. 755, 762 (1987)).  In other words, Plaintiffs suggest that the State Defendants "fail[ed] to prevail on claims that were unrelated to the claims on which [they] succeeded[.]"  *Hensley*, 461 U.S. at 434.  Yet, the State Defendants contend that they "were the prevailing party given that the Sixth Circuit held in the State's favor on both issues set forth in the First Amended Complaint[.]"  (ECF No. 67, PageID.956 ¶ 1; *see also id.*, PageID.955 ¶ 2, 962.)  However the Sixth Circuit's language is interpreted, on March 30, 2021, this Court stated:  "*For the reasons stated by the Court of Appeals*, the case will be reopened, the Court's prior Judgment [(ECF No. 44)] will be voided, and judgment will enter[] for Defendants and Intervenor."  (ECF No. 64, PageID.950.)  This Court also granted the State Defendants' motion for summary judgment (ECF No. 64, PageID.650) and entered an amended judgment (ECF No. 65).  Thus, there is little doubt that the State Defendants have prevailed in their defense of Plaintiffs' lawsuit.

### 2.    Plaintiffs' Privileges and Immunities claim

#### a.    Waiver

Plaintiffs' contention that Defendants "have waived the argument by waiting four years to raise it" is not well taken.  (ECF No. 74, PageID.1010-1011.)  True, the State Defendants initiated their defense of this lawsuit by filing a March 24,

2017 answer (*see* ECF No. 11, PageID.117-119 ¶¶ 21-28) – *i.e.*, instead of filing a

Fed. R. Civ. P. 12(b)(6) motion to dismiss – and proceeded to "litigate[] the

merits." (*Id.*, PageID.1010.) *See Riddle v. Egensperger*, 266 F.3d 542, 551 (6th

Cir. 2001) ("[i]f the underlying claims and Appellants' actions were frivolous,

Defendants could have used Rule 12(b)(6) to narrow the claims at the onset of the

case, rather than engaging in extensive discovery in order to "obtain" summary

judgment."). However, this case was initiated in January 2017 (ECF No. 1),

amended in February 2017 (ECF No. 5), and answered by the State Defendants in

March 2017 (ECF No. 11). Indeed, their ninth affirmative defense signaled their

position on this issue:

> Plaintiffs have failed to state a claim upon which relief can be granted
> as to Count II because the privileges claimed by Mr. Doust are not the
> type of privileges "bearing upon the vitality of the Nation" that are
> protected by the U.S. Constitution. *Baldwin v. Fish & Game
> Comm'n*, 436 U.S. 371, 383 (1978). Individuals have no right or
> privilege to sell liquor within the State of Michigan.

(ECF No. 11, PageID.121 ¶ 9.) Moreover, the docket does not enlighten the Court

as to the extensiveness of discovery. The discovery deadline was originally set for

September 29, 2017 and later extended to December 22, 2017. (ECF Nos. 23, 25.)

There do not appear to have been any motions to compel discovery. Then, in

February and April 2018, the parties filed their motions for summary judgment,

each of which contains several attachments. (ECF Nos. 31, 33, 34.) Absent

further information about how Defendants "litigated the merits[,]" (ECF No. 74,

PageID.1010), Defendants' request should not be waived for failing to have filed a Rule 12(b)(6) motion to dismiss.  This conclusion is buttressed by the State Defendants' targeted prayer for relief, which seeks reasonable attorney fees associated with their April 2, 2018 motion for summary judgment (ECF No. 34) and their May 7, 2018 reply thereto (ECF No. 37) with respect to Plaintiffs' privileges and immunity claims (ECF No. 67, PageID.957 ¶ 3), *i.e.*, not fees associated with protracted litigation.

Similarly, Plaintiffs contend that the State Defendants did not avail themselves of "other opportunities to seek a ruling on the merits of contention that the Privileges and Immunities Claim was frivolous[,]" – *e.g.*, motions pursuant to Fed. R. Civ. P. 11, or 28 U.S.C. § 1927 ("Counsel's liability for excessive costs"), or Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend a Judgment.") – and, thereby "passed up every opportunity over four years to have a court rule (with the record in front of it) . . . ."  (ECF No. 74, PageID.1010-1011.)  *See Shaw v. Parker*, 27 F. App'x 448, 449 (6th Cir. 2001) ("The magistrate judge correctly found that Shaw procedurally defaulted the claims not raised on direct appeal when he failed to timely appeal his post-conviction action, or failed to raise the claims at the first opportunity.").  However, Plaintiffs have not shown that the State Defendants would have succeeded on any such motion, nor is it clear that Plaintiffs would have been responsible for less of an assessment under Fed. R. Civ. P. 11 or 28 U.S.C. §

1927 than under 42 U.S.C. § 1988 – especially given the targeted nature of the

State Defendants' request.

Finally, Plaintiffs argue that the State Defendants' October 3, 2019 appellate

brief did not appeal this Court's order denying summary judgment on the

Privileges and Immunities claim and that the State Defendants' mention of the

Privileges and Immunities Clause in their December 16, 2019 appellate reply does

not cure this omission.  (*Id.*; *see also* Case No. 18-2199 (ECF Nos. 24, 41 (pp. 26,

28)).)  Yet, as noted above, this Court's September 28, 2018 order expressly found

"the Commerce Clause sufficient grounds for relief," and "*decline[d]* to reach

Plaintiffs' Privileges and Immunities claim."  (ECF No. 43, PageID.864 (emphasis

added).)  Thus, it makes sense that the State Defendants' initial appellate brief did

not reach Count II, and the Court agrees that the State Defendants' "failure to

appeal that non-decision is not a waiver of the right to seek attorney fees."  (ECF

No. 75, PageID.1022.)

### b.    Frivolous, unreasonable, or without foundation

"Under § 1988, a civil-rights defendant may recover attorneys' fees only if

the defendant is a 'prevailing party' *and* proves that the plaintiff's action was

'frivolous, unreasonable, or without foundation.'"  *Hescott v. City of Saginaw*, 757

F.3d 518, 529 (6th Cir. 2014) (emphasis in original) (quoting *Hughes v. Rowe,* 449

U.S. 5, 14 (1980)).  *See also Hensley*, 461 U.S. at 435 n.10 ("[i]f the unsuccessful

claim is frivolous, the defendant may recover attorney's fees incurred in responding to it.").

The State Defendants argue that Plaintiffs Lebamoff Enterprise's and Doust's Privileges and Immunities claim (Count II) – *i.e.*, "out-of-state wine merchant denied same privileges as Michigan citizens with respect to sale to consumers" (ECF No. 5, PageID.22) – was "meritless, frivolous, unreasonable, and without foundation . . . ." (ECF No. 67, PageID.957 ¶ 2, 962.)  To support their claim that Plaintiffs' Privileges and Immunities claim was "frivolous from the outset[,]" the State Defendants note Plaintiff Lebamoff's "corporate status" and point to several Supreme Court cases, which were decided no less than 130 years ago. *Citing Bank of Augusta v. Earle*, 38 U.S. 519, 584 (1839) (a corporation cannot claim "the rights which belong to its members as citizens of a state."); *Crowley v. Christensen*, 137 U.S. 86, 91 (1890) ("There is no inherent right in a citizen to thus sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States."). *See also Mugler v. Kansas*, 123 U.S. 623, 657 (1887) and *Bartemeyer v. Iowa*, 85 U.S. 129, 132 (1873). (ECF No. 67, PageID.962-963.)  Then, the State Defendants critique Plaintiffs' April 23, 2018 consolidated response/reply for its suggestion that longstanding Supreme Court precedent should be ignored and its reliance upon "wholly irrelevant" cases

13

of a more recent ilk (ECF No. 35, PageID.718-720).  (ECF No. 67, PageID.963-965.)[3]

Nonetheless, the Court should not award attorney fees on the basis that "it was clearly apparent from the beginning of this litigation that" Lebamoff and Doust "did not have a colorable Privileges and Immunities claim . . . ."  (ECF No. 67, PageID.966-967.)  Of course, "courts have awarded attorneys fees to prevailing defendants where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate."  *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985).  However, here, Plaintiffs convincingly argue that pursuing the Privileges and Immunities claim "was not egregious misconduct[.]"  (ECF No. 74, PageID.1011-1016.)  "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."  *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978).  Plaintiffs suggest that their Privileges and Immunities claim was "[a] principled argument for an extension, modification, or reversal of

---

[3] *See Citizens United v. Fed. Election Comm'n*, 558 U.S. 310 (2010); *McBurney v. Young*, 569 U.S. 221 (2013); *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014); and, *Wilson v. McBeath*, No. CIV. A-90-CA-736, 1991 WL 540043, at *1 (W.D. Tex. June 13, 1991), *aff'd sub nom. Cooper v. McBeath*, 11 F.3d 547 (5th Cir. 1994).

an old law . . . ." (*Id.*, PageID.1012, 1013 (citing Fed. R. Civ. P. 11(b)(2)) and/or

could be characterized as one of first impression that seeks to extend *Supreme Ct.*

*of New Hampshire v. Piper*, 470 U.S. 274, 288 (1985) ("New Hampshire's bar

residency requirement violates the Privileges and Immunities Clause of Art. IV, §

2, of the United States Constitution."). (*Id.*, PageID.1014-1015.) *See also* MRPC

3.1 ("A lawyer may offer a good-faith argument for an extension, modification, or

reversal of existing law.")[4]

In their motion response, Plaintiffs attempt to distinguish *Earle* and *Crowley*

(ECF No. 74, PageID.1012-1013), which partially discredits the State Defendants'

reply that Plaintiffs "simply ignored" *Crowley*, *Mugler* and *Bartemeyer* (ECF No.

75, PageID.1023). More importantly, Plaintiffs draw the Court's attention to:

- the district court decision in *Wilson v. McBeath*, No. CIV. A-90-CA-736, 1991 WL 540043, at *1 (W.D. Tex. June 13, 1991) ("the provisions of the Texas Alcoholic Beverage Code that establish a three-year durational residency requirement for obtaining a mixed beverage permit in Texas . . . violate the Commerce Clause and the Privileges and Immunities Clause . . . ."), *aff'd sub nom. Cooper v. McBeath*, 11 F.3d 547 (5th Cir. 1994); and,

---

[4] In their April 23, 2018 motion for summary judgment, Plaintiffs argued that, "once Michigan has given its own citizens permission to sell wine online, the Privileges and Immunities Clause provides that citizens of other states must be given the same privilege unless the state proves no less restrictive means are available to protect its regulatory interests." (ECF No. 35, PageID.721 (citing *Supreme Ct. of New Hampshire v. Piper*, 470 U.S. 274, 288 (1985) ("New Hampshire's bar residency requirement violates the Privileges and Immunities Clause of Art. IV, § 2, of the United States Constitution.").)

- the Seventh Circuit's decision in *Lebamoff Enterprises, Inc. v. Rauner*, 909 F.3d 847, 858 (7th Cir. Nov. 28, 2018) ("Plaintiffs "have stated a claim that Illinois's refusal to license retailers without an in-state presence violates the Commerce Clause and Privileges and Immunities Clause.").

(ECF No. 74, PageID.1013-1014.)  The State Defendants attack Plaintiffs' reliance upon the 1991 decision in *Wilson* as unpublished, vacated and distinguishable and claim that Plaintiffs improperly characterized the Seventh Circuit's decision in *Rauner*.  (ECF No. 75, PageID.1023-1026.)  Preliminarily, as the foregoing citation indicates, the Fifth Circuit's opinion in *Cooper* affirmed the district court's judgment in *Wilson*.  *See Cooper*, 11 F.3d at 556 (5th Cir. 1994).[5]  More to the point, notwithstanding the State Defendants' criticism of *Wilson*, the district court decision in *Wilson* was available to the instant Plaintiffs at the time they initiated the instant lawsuit in 2017.  As for *Rauner*, Lebamoff Enterprises' complaint in that case pre-dates Lebamoff Enterprises' initiation of the instant case, even if the Seventh Circuit's decision in *Rauner* was not available to Plaintiffs until November 28, 2018.[6]  Thus, it would be too great a step to conclude – for purposes

---

[5] *See also Cooper v. Texas Alcoholic Beverage Comm'n*, 820 F.3d 730, 735 n. 6 (5th Cir. Apr. 21, 2016) (referencing the 1991 *Wilson* and 1994 *Cooper* decisions), as to which the Supreme Court denied the petition for writ of certiorari, *see Texas Package Stores Ass'n, Inc. v. Fine Wine & Spirits of N. Texas, LLC*, 137 S. Ct. 494 (Nov. 28, 2016).

[6] The September 2016 original complaint alleged both Commerce Clause and Privileges and Immunities Clause claims (ECF No. 1), as did the September 2019

16

of 42 U.S.C. § 1988 – that Plaintiffs' Privileges and Immunities claim was *frivolous, unreasonable, or without foundation* at the time it was made in 2017. *Hescott*, 757 F.3d at 529.  Moreover, as we now know, the Seventh Circuit concluded that the Plaintiffs in *Rauner* "have stated a claim that Illinois's refusal to license retailers without an in-state presence violates the Commerce Clause and Privileges and Immunities Clause." *Rauner*, 909 F.3d at 858.

Finally, Plaintiffs explain that they needed "an alternative theory" in 2017 "to back up the primary Commerce Clause claim[,]" because Lebamoff Enterprises is a retailer and "some circuits had decided that *Granholm* [*v. Heald*, 544 U.S. 460 (2005)] was limited to discrimination against out-of-state *producers* and did not apply to out-off-state *retailers*." (ECF No. 74, PageID.1015 (emphases added).) They posit that the Privileges and Immunity claim was, ultimately, not necessary, because on September 27, 2018, the Supreme Court issued its decision in *Tenn. Wine and Spirits Retailers Ass'n*. "Lawyers cannot preordain which claims will carry the day and which will be treated less favorably.  Good lawyering as well as ethical compliance often requires lawyers to plead in the alternative . . . ." *Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006) (citation omitted). (ECF

---

amended complaint (ECF No. 73). *Rauner*, Case: 1:16-cv-08607 (N.D. Ill.) (ECF Nos. 1, 73).

No. 74, PageID.1015-1016.)  *See also* Fed. R. Civ. P. 8(d)(2) (permitting pleading of alternative statements of a claim).

After the Supreme Court issued its decision in *Tenn. Wine and Spirits Retailers Ass'n*, the Sixth Circuit issued its April 21, 2020 decision, which discussed both the Commerce Clause and the Privileges and Immunities Clause. *Lebamoff Enterprises Inc.*, 956 F.3d at 869-876.   True, the Sixth Circuit noted that "[l]ong ago, the Court rejected the idea that the right to sell alcohol was a privilege or immunity under the similarly-worded Fourteenth Amendment[,]" and credited Lebamoff for its admission that "'[n]o prior case in this or any other circuit' has found a state regulation of alcohol violated the Privileges and Immunities Clause." *Lebamoff Enterprises Inc.*, 956 F.3d at 875-876 (ECF No. 56, PageID.930-931). As the Court sees it, this admission is just as likely evidence of advocating an issue of first impression, extending a prior ruling, or seeking a modification or reversal of existing law as it is evidence of a frivolous claim.[7]  Accordingly, the Court should not award fees under Section 1988.

### 3.    Reasonable attorney fees (in the alternative)

The State Defendants request reasonable attorney fees associated with their April 2, 2018 motion for summary judgment (ECF No. 34) and their May 7, 2018

---

[7] Moreover, the question of how the constitutional clauses at issue here apply to the relatively recent emergence of on-line Internet sales may or may not be readily apparent from the 19th century jurisprudence to which the State Defendants point.

reply thereto (ECF No. 37) with respect to Plaintiffs' privileges and immunity claims. (ECF No. 67, PageID.957 ¶ 3.) Put another way, they seek reimbursement for "the time spent defending against the Plaintiffs' frivolous Privileges and Immunities claim." (ECF No. 67, PageID.967.) Assistant Attorney General (AAG) Donald McGehee's affidavit proposes reimbursement of $1,746 (a reasonable hourly rate of $291.00 for six hours). (ECF No. 67-1.) AAG Melinda A. Leonard's affidavit proposes reimbursement of $3,875.00 (a reasonable hourly rate of $310.00 for 12.5 hours). (ECF No. 67-2.) AAG Mark G. Sands's affidavit proposes reimbursement of $4,620.00 (a reasonably hourly rate of $280.00 for 16.5 hours). (ECF No. 67-3.) In sum, counsel for the State Defendants seek reimbursement in the amount of $10,241.00.

Plaintiffs' "statement of issue presented" and Plaintiffs' three arguments do not address the reasonableness of the State Defendants' reimbursement request. (ECF No. 74, PageID.1006, 1009-1016.) In fact, Plaintiffs' only reference to defense counsel's affidavits appears to be the observation that the State Defendants have not claimed hours for the appellate stage. (*Id*., PageID.1009.) Therefore, if the Court disagrees with the foregoing recommendation and concludes that Plaintiffs' Privilege and Immunities claim was frivolous, thereby entitling the State Defendants to attorney fees under 42 U.S.C. § 1988(b), then the Court should award $10,241.00.

## E.    Conclusion

In accordance with the foregoing analysis, the Court should:  **(1) DENY** the State Defendants' motion for attorney fees under 42 U.S.C. § 1988(b) (ECF No. 67); but, **(2) ACCEPT** the State Defendants' amended bill of costs (ECF Nos. 72-1, 72-2, 72-3, 72-4), **GRANT** the State Defendants' motion to review this Court's April 27, 2021 taxation of costs (ECF No. 72), and **AWARD** the State Defendants a total of $734.98 in costs.  Should the Court disagree with the Undersigned's conclusion that the Privileges and Immunities claim was not "frivolous, unreasonable, or without foundation" under *Hescott*, 757 F.3d at 529, and, in turn, determine that an award of attorney fees under § 1988 is warranted, then Defendants' $10,241.00 fee request should be deemed reasonable.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  November 29, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE